FILED
COUNCIL BLUFFS, IOWA

04 FEB 25 PM 2: 0'

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| CHARLA J. ANDERSON-BAKER,<br>        Plaintiff, | NO. 1:04-CV-400 |
| vs. | |
| SEQUEL YOUTH SERVICES OF<br>CLARINDA, L.L.C., d/b/a<br>CLARINDA ACADEMY,<br>        Defendant. | COMPLAINT AND JURY DEMAND |

COMES NOW, the Plaintiff, Charla J. Anderson-Baker, and for her Complaint and Jury Demand states as follows:

## PRELIMINARY STATEMENT

This is a wrongful discharge action against the Defendant which alleges that the circumstances surrounding the discharge of Charla Anderson-Baker were discriminatory as they were motivated in substantial part by her age, and exercise of her statutory rights pursuant to 29 U.S.C. § 621 et seq., the Iowa Civil Rights Act, Iowa Code Chapter 216 et seq., in violation the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615. The Plaintiff seeks lost wages and benefits in the past to the present, back pay front pay, liquidated damages, emotional distress damages.

1

**PARTIES**

1.   Plaintiff, Charla J. Anderson-Baker was a resident of Iowa at the time of her employment and discharge, and currently resides in Page County, Iowa.

2.   Defendant, Sequel Youth Services of Clarinda, L.L.C. d/b/a Clarinda Academy (Clarinda Academy)is an Iowa corporation located in Page County, Iowa.

**JURISDICTION**

3.   The court has concurrent jurisdiction over this action pursuant to 29 U.S.C. 612 et seq., 29 U.S.C. § 2615 and jurisdiction over the Plaintiff's state law claims brought pursuant to Iowa Code Chapter 216.

4.   The Plaintiff has complied with the statutory requirements by filing her State charge with the Iowa Civil Rights Commission.

5.   The Plaintiff has complied with the statutory requirements by filing her Federal charge with the Equal Employment Opportunity Commission and obtaining a Right to Sue letter from that agency.

**FACTS COMMON TO ALL CLAIMS**

6.   The Plaintiff commenced employment with the Defendant on or about September 3, 1996, as a youth counselor.

2

7.   Plaintiff was terminated on or about June 20, 2003.

8.   At the time of the Plaintiff's termination, she was 48 years old.

9. At the time of her termination Plaintiff was employed as a Case Manager in the Clarinda Youth Shelter.

10. Plaintiff was at all applicable times qualified for her position, and performed her job duties in an above average manner.

11. The Plaintiff was under the direct supervision of Vince Moiser (Mosier)from 1999 to December 2002; the Plaintiff received favorable job reviews while under Moiser's supervision.

12. In December 2002, the Plaintiff came under the supervision of Michael Butt.

13.   Butt is significantly younger than the Plaintiff.

14.   In March 2003, Plaintiff took an employer approved medical leave of absence due her mother's serious medical condition; the Plaintiff submitted all necessary written documentation of her mother's serious medical condition.

15. The Plaintiff returned to work on June 10, 2003.

16. Upon Plaintiff's return to work, June 10, 2003, she received two written disciplines and was placed on a corrective action plan.

17. The allegations underlying the written disciplines

3

occurred during the time the Plaintiff was absent and on approved family medical leave.

18. After returning to work the Plaintiff's actions and job performance were more closely scrutinized.

19. Prior to Plaintiff's termination, Defendant terminated other employees over the age of 40, and replaced them with younger employees.

20. Defendants disciplined and terminated Plaintiff due to her exercise of her rights granted under the Family Medical Leave Act.

21. Defendants terminated Plaintiff due to her a age.

22. After the Plaintiff's termination, she was replaced with two less qualified, and significantly younger females.

23. On or about December 2, the Plaintiff was issued an Administrative Release from the Equal Employment Opportunity Commission.  See Attached Exhibit 1.

24. On about February 23, 2004 the Plaintiff was issued an Administrative release from the Iowa Civil Rights Commission. *See* Attached Exhibit 2.

## FOR A FIRST CAUSE OF ACTION

### (Violation of 29 U.S.C. § 621 et seq.)

25. The Plaintiff realleges the allegations of paragraphs 1 through 24 above of this Complaint.

26.   At all material times the Plaintiff was qualified for her position and was performing her job in a more than acceptable manner with Defendant.  Plaintiff's age was a motivating factor in her discharge from Defendant.

27.   Defendant's actions toward the Plaintiff were discriminatory and in violation of the Plaintiff's substantial rights under 29 U.S.C. § 621 et seq.

28.   As a proximate result of the Defendant's actions the Plaintiff has suffered past and continuing lost wages and benefits, and emotional distress.

29. The actions of the Defendant were willful.

WHEREFORE, as to this First Cause of Action the Plaintiff prays for judgment against the Defendants for lost wages, reinstatement or in lieu of reinstatement future lost wages, liquidated damages, reasonable attorney fees, costs and disbursements, and for such other equitable relief within the jurisdiction of this court as may be just and necessary.

### FOR A SECOND CAUSE OF ACTION
#### (Violation of  Iowa Code Chapter 216 et seq.)

30.   The Plaintiff realleges the allegations of paragraphs 1 through 31 above of this Complaint.

31.  At all material times the Plaintiff was qualified for her position and was performing her job in a more than acceptable manner with Defendant.  Plaintiff's age was a motivating factor in her discharge from Defendant.

32.  Defendant's actions toward the Plaintiff were discriminatory and in violation of the Plaintiff's substantial rights under Iowa Code Chapter 216 et seq.

33.  As a proximate result of the Defendant's actions the Plaintiff has suffered past and continuing lost wages and benefits, and emotional distress.

WHEREFORE, as to this Second Cause of Action the Plaintiff prays for judgment against Defendant for lost wages, reinstatement or in lieu of reinstatement future lost wages, emotional distress damages, reasonable attorney fees, costs and disbursements, and for such other equitable relief within the jurisdiction of this court as may be just and necessary.

## FOR A THIRD CAUSE OF ACTION
### (Violation of 29 U.S.C. Section 2615 et seq.)

34.  Plaintiff restates and re-alleges paragraph 1 through 35 above.

35.  Prior to March 2003, the Plaintiff was qualified to exercise rights granted under the Family Medical Leave Act for

her mother's serious medical condition.

36.  Plaintiff provided certification to the Defendant as required by 29 U.S.C. § 2615 et seq.

37.  The Defendants interfered with Plaintiff's rights as provided by the Family Medical Leave Act, in violation of 29 U.S.C. § 2615 et seq.

39.  The Defendants unlawfully disciplined and subsequently terminated Plaintiff after Plaintiff exercised her rights provided by the Family Medical Leave Act, in violation of 29 U.S.C. § 2615 et seq.

40.  On or about June 20, 2003, the Defendants took adverse employment action against the Plaintiff, including terminating Plaintiff, in violation of 29 U.S.C. § 2615 et seq.

WHEREFORE, for this Third Cause of Action, Plaintiff respectfully requests that this Court enter a judgment against the Defendant for its adverse employment action against the Plaintiff, including terminating Plaintiff, in violation of 29 U.S.C. § 2615 et seq. of the Family and Medical Leave Act of 1993; enter judgment  against the Defendant and in favor of Plaintiff for the monetary losses Plaintiff sustained as a direct result of Defendant's retaliation against the Plaintiff for taking leave; enter  judgment against the Defendant and in for reasonable attorneys' fees and costs incurred by Plaintiff in

7

connection with the instant action; and such further and additional relief, including liquidated damages, as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues set forth in this Complaint.

LAW OFFICE OF ROGER J. KUHLE, P.C.

*Danielle J. Foster-Smith*

Danielle I. Foster-Smith PK2716506
Law Office of Roger J. Kuhle, P.C.
One Corporate Place, Ste. 110
1501 42nd Street
West Des Moines, Iowa 50266
Tel: (515) 224-6686
Fax: (515) 224-6760
ATTORNEYS FOR PLAINTIFF

Original filed

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Charla J. Anderson-Baker
     1630 K Avenue
     Essex, IA 51638

From:  **Milwaukee District Office**
       **310 West Wisconsin Ave**
       **Suite 800**
       **Milwaukee, WI 53203**

| | | |
|---|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2003-01550 | **Chester V. Bailey, District Director** | **(414) 297-1111** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐   While reasonable efforts were made to locate you, we were not able to do so.

☐   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**Chester V. Bailey,
District Director**

DEC 0 2 2003

*(Date Mailed)*

Enclosure(s)

cc:  **Clarinda Academy/Clarinda Youth She,**
     **%Cynthia Cox**
     **Executive Direct**
     **1820 North 16th Street**
     **Clarinda, IA 51632**



EXHIBIT

/

Administrative Release
(Letter of Right-To-Sue)

| To: | ) | From: |
|---|---|---|
| | ) | |
| Charla Jean Anderson Baker | ) | Iowa Civil Rights Commission |
| 1630 K Avenue | ) | Grimes State Office Building |
| Essex, IA 51638 | ) | 400 E. 14th Street |
| Certified Letter #: 7003 1680 0000 3178 4033 | ) | Des Moines, Iowa 50319 |

Complaint # 08-03-46304      EEOC # 26AA301550         Local #

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10.

The following conditions have been met:

1.  The complaint was filed with the Commission as provided in Commission Rule 3.5;

2.  Sixty (60) days have expired since the complaint was filed;

    None of the exceptions set forth in Commission Rule 3.10(4) are applicable.

With this release, Complainant has the right to commence an action in a State District court. That action must occur within ninety (90) days of the issue date **February 23, 2004**.

An informational copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below.


The Iowa Civil Rights Commission

cc:
Danielle Foster-Smith, Complainant's Attorney
Clarinda Academy/Clarinda Youth Shelter, Respondent, Certified Letter # 7003 1680 0000 3178 4040
Sequel Management Corp., Respondent, Certified Letter # 7003 1680 0000 3178 4057
, Respondent, Certified Letter #
, Respondent, Certified Letter #
. Respondent, Certified Letter #
, Respondent's Attorney

EXHIBIT
2

1:04-CV-40010

JS 44
(Rev 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

CHARLA J. ANDERSON-BAKER

## DEFENDANTS

SEQUEL YOUTH SERVICES OF CLARINDA, L.L.C.,
d/b/a CLARINDA ACADEMY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Page
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Page 19145
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Danielle I. Foster-Smith
Law Office of Roger J. Kuhle, P.C.
One Corporate Place, Suite 110
1501 - 42nd Street
West Des Moines, IA 50266
(515) 224-6686

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)   29 U.S.C. section 621 et seq., the Iowa Civil Rights Act, Iowa Code
Chapter 216 et seq., in violation the Family and medical Leave Act of 1993, 29 U.S.C.
section 2615.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med Malpractice<br>☐ 365 Personal Injury— Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>X 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: X YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE
February 24, 2004

SIGNATURE OF ATTORNEY OF RECORD
Danielle I. Foster Smith

**UNITED STATES DISTRICT COURT**